EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2015 TSPR 91 |
|---|---|
| María M. Charbonier Laureano | 193 DPR ____ |

Número del Caso: AB-2006-373

Fecha: 30 de junio de 2015

Oficina de la Procuradora General:

Lcda. Karla Pacheco Alvarez
Subprocuradora General

Lcda. Amir Cristina Nieves Villegas
Procuradora General Auxiliar

Abogada de la Parte Querellada:

Por derecho propio

Materia: Conducta Profesional – Censura y Amonestación.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

María M. Charbonier Laureano

AB-2006-0373

RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2015.

Atendidos el informe final de la Procuradora General y la Moción en cumplimiento de orden de réplica que presentó la Lcda. María Milagros Charbonier Laureano, el Tribunal censura a la letrada ante la inexactitud de sus facturas y la identificación de horas exactas que no corresponden a las horas reales en que se rindiera los servicios legales. Ello apunta a un relajamiento del criterio de honestidad hacia el cliente que exige a todo abogado el Canon 35 del Código de Ética Profesional, 4 LPRA Ap. IX.

Ahora bien, los hechos de esta queja se remontan a los años 2002 y 2003. La queja se refirió a la Oficina de la Procuradora General en marzo de 2007 y tras una investigación de la Oficina del Fiscal General el Secretario de Justicia descartó en enero de 2008 el procesamiento por la comisión de delitos. El asunto estuvo desde entonces en la Oficial de la Procuradora General y no fue hasta agosto de 2014 –seis años y medio después– que se presentó el informe final ante nos.

Pedirle a la abogada que luego de tanto tiempo explique los detalles de sus facturas la colocaría en un estado de indefensión provocado por la demora inexplicada en la investigación de esta queja. Tampoco hay prueba clara, robusta y convincente de que los servicios facturados no se prestaron.

Atendidos estos factores, se apercibe a la licenciada Charbonier Laureano de que debe ser sumamente rigurosa para asegurarse de que el contenido de sus facturas revele con corrección los detalles que requiere el cobro de honorarios por servicios legales prestados. Dicho esto, y por todo lo señalado, se ordena el archivo de esta queja.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta, la Juez Asociada señora Rodríguez Rodríguez y la Jueza Asociada Oronoz Rodríguez ordenarían presentar querella según el informe de la Procuradora General. La Juez Asociada señora Rodríguez Rodríguez emitió un Voto particular disidente. El Juez Asociado señor Kolthoff Caraballo no interviene.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

María M. Charbonier Laureano

AB-2006-0373

RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de julio de 2015.

Se enmienda *nunc pro tunc* nuestra Resolución de 30 de junio de 2015 a los únicos fines de hacer constar que la Jueza Asociada Oronoz Rodríguez está inhibida.

Notifíquese inmediatamente.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>María M. Charbonier<br>Laureano | AB-2006-0373 |
| --- | --- |

Voto Particular Disidente emitido por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 30 de junio de 2015.

Por entender que la conducta imputada a la Lcda. María M. Charbonier Laureano merece que ordenemos la presentación de la querella correspondiente, disiento del curso de acción de una mayoría de este Tribunal en el caso de epígrafe. Innegablemente, las actuaciones de la licenciada que se detallan en el *Informe final de la Procuradora General* ameritan que el asunto sea atendido con la rigurosidad y ponderación que requiere un procedimiento disciplinario ordinario. Veamos.

I

El 27 de marzo de 2007, remitimos copia de la queja que nos ocupa a la Oficina de la Procuradora General para que se llevara a cabo la investigación y se emitiera el informe correspondiente. No obstante, el 7 de mayo de 2007, se solicitó la paralización de dichos procedimientos hasta tanto la Oficina del Fiscal General culminara la investigación criminal de los hechos alegados en contra de la licenciada Charbonier Laureano. Por los mismos hechos,

también se hizo un referido a la Oficina de Ética Gubernamental, el cual resultó en la imposición de multas administrativas a los funcionarios implicados.

En agosto de 2014, la Procuradora General presentó su *Informe final*. En éste, detalló los hallazgos producto de una auditoría de las operaciones fiscales del Municipio de Canóvanas que dieron lugar a la queja presentada por el ex Contralor; a saber:

1. La Lic. María M. Charbonier Laureano sometió y cobró facturas y justificantes por servicios profesionales al Municipio de Canóvanas por $54,850.00 (1,097 horas), por concepto de servicios prestados a personas indigentes que no estaban cubiertos por el contrato otorgado. Adujo el contralor que ni el Municipio ni la abogada le pudieron proveer a los auditores los expedientes de las personas a quienes se le prestaron los servicios y que, alegadamente, fueron cualificados y referidos a la abogada por el Municipio. Señaló que esa situación le dificultó a su Oficina verificar la legalidad y corrección de tales servicios y si, en efecto, fueron prestados.

2. En una muestra de 173 casos analizados, no se encontró evidencia en los expedientes que obran en los tribunales sobre la prestación de los servicios facturados por la Lic. Charbonier Laureano en 131 casos, equivalentes a $31,950.00 o 639 horas facturadas.

3. La Lic. Charbonier Laureano facturó 212 horas, equivalentes a $10,600.00 por servicios prestados durante un mismo periodo, lo que ocasionó una duplicidad de pagos por servicios.

*Informe final de la Procuradora General*, en la pág. 2.

Al contestar la queja, la licenciada Charbonier Laureano negó las alegaciones del ex Contralor con relación a posibles infracciones a los Cánones 24 y 38 del Código de Ética Profesional. Indicó que los hallazgos se

basaban en especulaciones resultantes de una interpretación errónea del contrato de servicios otorgado entre ésta y el Municipio. Solicitó el archivo de la queja bajo el fundamento de que esas especulaciones no constituían base suficiente para sostener violaciones éticas. Véase *Informe final de la Procuradora General*, en las págs. 2-4.

Por otro lado, el ex Contralor también refirió los hallazgos del *Informe de auditoría* al Departamento de Justicia y a la Oficina de Ética Gubernamental. A pesar de que el Departamento de Justicia determinó no presentar cargos criminales, sí requirió que el Municipio procediera a recobrar los fondos públicos que le fueron desembolsados a ésta de forma ilícita.[1] Asimismo, el ex Contralor refirió el asunto a la Oficina de Ética Gubernamental. El 7 de julio de 2011, esa Oficina emitió una resolución determinando que los funcionarios implicados,[2] incurrieron en una "evidente falta de diligencia y cuidado en el trámite de los pagos que efectuó el Municipio a la licenciada Charbonier Laureano". *Anejo III, Apéndice*, en la pág. 54. Además, la resolución dispuso que la licenciada Charbonier Laureano "cobró de forma indebida por: prestar representación legal en contravención a lo

---

[1] Al día de hoy, la devolución por parte de la licenciada Charbonier Laureano de esos fondos públicos no se ha concretado. Véase *Informe*, en la pág. 5.

[2] Específicamente, José E. Soto Rivera (entonces alcalde del Municipio), Miguel A. Jiménez Carrión (ex vice alcalde) y Lilliam Rodríguez García (ex Directora de Finanzas).

dispuesto por ley, servicios que ésta no prestó sino su esposo, horas adicionales no autorizadas y horas duplicadas". *Id.*

El 13 de julio de 2012, el Tribunal de Apelaciones confirmó dicha resolución. Al así proceder, se basó en la "abundante prueba documental detallando todos los incidentes de facturación patentemente irregular". *Anejo IV, Apéndice,* en la pág. 58. Además, determinó que esa prueba, consistente en contratos, recibos, facturas, cartas y certificaciones, no había sido impugnada de modo alguno. *Véase id.* El Tribunal de Apelaciones también incluyó segmentos de los testimonios vertidos ante la Oficina de Ética. Mediante éstos, se reconoció que la licenciada Charbonier Laureano había facturado, durante el mismo día, siete (7) horas trabajadas de 8:00am a 3:00pm en el Tribunal de Primera Instancia de Río Grande y cinco (5) horas trabajadas de 1:00pm a 6:00pm por gestiones realizadas redactando una moción urgente ante el Tribunal de Apelaciones. *Véase id.,* en las págs. 58-59.[3]

Con este trasfondo procesal, y resueltas las controversias planteadas ante la Oficina de Ética Gubernamental, la Procuradora procedió a realizar su investigación. En su *Informe,* luego de evaluar las tareas específicas delimitadas en los contratos suscritos entre la licenciada Charbonier Laureano y el Municipio, examinó

---

[3] Cabe señalar que la sentencia del Tribunal de Apelaciones advino final y firme el 11 de diciembre de 2012, luego de que este Tribunal dictara una sentencia confirmatoria al estar igualmente dividido.

la prueba relativa a la duplicidad de pagos y las facturas presentadas. A esos efectos, concluyó que, "de la faz de dichas facturas surge que la letrada requirió y cobró honorarios por servicios que supuestamente fueron ofrecidos dentro de un mismo periodo en cuanto a diferentes casos". *Informe final de la Procuradora General*, en la pág. 14. Además, luego de examinar las facturas a la luz de las constancias en los expedientes judiciales, la Procuradora determinó que varios de los servicios facturados ni tan siquiera habían sido prestados por la licenciada Charbonier Leaureano. *Véase id*. Así, el *Informe* relata otras instancias en las que la licenciada Charbonier Laureano incurrió en doble facturación, o facturación concurrente, al cobrar por los servicios prestados por ésta desde enero de 2002 hasta septiembre de 2003.

Estas instancias, las cuales no incluyen aquéllas en las que la licenciada facturó y cobró por servicios que no fueron prestados, suman aproximadamente treinta (30). Es decir, en treinta (30) ocasiones distintas durante un periodo de menos de dos años, la licenciada Charbonier Laureano, en una misma factura, reclamó el pago de servicios aduciendo que estuvo atendiendo cierto asunto en determinada fecha y periodo y, a su vez, reclamó el pago de otros servicios relacionados con uno o varios casos distintos que indicó haber estado atendiendo dentro de la

misma fecha y periodo. *Véase Informe final de la Procuradora General*, en la pág. 14, n. 6.[4]

El *Informe* de la Procuradora incluye, también, instancias específicas, sustentadas por evidencia, en las que la licenciada Charbonier Laureano facturó y cobró por servicios que no fueron prestados. A modo de ejemplo, el 12 de septiembre de 2002, la licenciada facturó y cobró $250.00 por comparecer a una vista en el Tribunal de Carolina en representación de un cliente que le había sido referido por el Municipio para que le prestara servicios por su presunta condición de indigencia. No obstante, de la minuta de la vista pautada se desprende que la licenciada Laureano Charbonier no compareció. *Véase Anejo XI, Apéndice*, en la pág. 171.

En ocho instancias adicionales, la licenciada Charbonier facturó y cobró por servicios que no fueron prestados. En una ocasión, la licenciada Charbonier Laureano facturó y cobró por dieciséis (16) horas de trabajo en un juicio en supuesta defensa de un imputado para fechas en las que ni tan siquiera se había presentado la denuncia correspondiente ante el Tribunal de Primera

---

[4] Específicamente, la distribución de las facturas con horas concurrentes durante ese periodo es la siguiente: (1) enero 2002 – 4 facturas; (2) febrero 2002 – 3 facturas; (3) agosto 2002 – 1 factura; (4) enero 2003 – 3 facturas; (5) febrero 2003 – 4 facturas; (6) marzo 2003 – 2 facturas; (7) julio 2003 – 5 facturas; (8) agosto 2003 – 4 facturas, y (9) septiembre 2003 – 5 facturas.

Instancia de Naguabo. *Véase Anejo XVI, Apéndice*, en las págs. 179-80.[5]

## II

Luego de evaluar la evidencia obtenida, la Procuradora General concluye en su *Informe* que existe prueba clara, robusta y convincente sobre la posible comisión de infracciones a los Cánones 24, 35 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. *Véase Informe final de la Procuradora General*, en la pág. 44. Indica, además, que la licenciada Charbonier Laureano, a lo largo de la investigación, no ha podido ofrecer explicaciones en cuanto a las irregularidades detalladas en los hallazgos. *Véase id.*

A pesar de la recomendación y conclusión de la Procuradora General, una mayoría de este Tribunal ha determinado que lo procedente es archivar la queja y limitarse a describir la conducta de la licenciada Charbonier Laureano como "un relajamiento del criterio de honestidad hacia el cliente que exige a todo abogado el Canon 35 del Código de Ética Profesional, 4 L.P.R.A., Ap.

---

[5] En su contestación al *Informe final de la Procuradora General*, la licenciada Charbonier Laureano explica que la falta de evidencia se debe a que los expedientes fueron remitidos por el Municipio a la Oficina del Contralor al inicio de la investigación. Véase Moción en cumplimiento de orden de réplica al Informe final de la Procuradora, en las págs. 16-17. Además refuta, sin proveer la debida documentación, la mayoría de las instancias en las que se le imputa facturación concurrente. Al tratarse de un asunto de credibilidad, considero que la vista probatoria que conlleva la presentación de una querella pondría a este Tribunal en mejor posición de dilucidar la veracidad de los argumentos expuestos por la licenciada en su contestación.

IX". *Resolución*, en la pág. 1. De esta manera, la mayoría está conteste con simplemente apercibir a la licenciada Charbonier Laureano y ordenar el archivo de la queja presentada en su contra.

Lo que es peor, una mayoría de este Tribunal justifica su proceder en el hecho de que estima que "pedirle a la abogada que luego de tanto tiempo explique los detalles de sus facturas la colocaría en un estado de indefensión provocado por la demora inexplicada en la investigación de esta queja". *Resolución*, en la pág. 2. La mayoría ignora el hecho de que, al momento de la auditoría que dio lugar a la queja, la licenciada Charbonier Laureano no pudo proveer documentación a los auditores con relación a los servicios prestados. Asimismo, en los expedientes auditados que obraban en los tribunales no se encontró evidencia alguna sobre la supuesta prestación de los servicios profesionales que le fueron facturados al Municipio, conforme a los hallazgos del ex Contralor.

Es decir, la supuesta indefensión de la licenciada no es producto del tiempo transcurrido entre el inicio del procedimiento y el Informe de la Procuradora, sino más bien de la falta absoluta de evidencia tendente a justificar el cobro de las horas por servicios profesionales.[6] El propio *Informe* de la Procuradora

---

[6] Cabe señalar que la indefensión y lo indefendible son cosas distintas. Mientras que encontrarse en un estado de indefensión parte de la premisa de la dificultad que supone la obtención de evidencia transcurrido un término considerable de tiempo, lo indefendible no obedece al

General apunta también a la exigua información que durante el transcurso de la investigación pudieron proveer las partes implicadas con relación a las facturas y la documentación relacionada con los servicios prestados. Por último, es preciso señalar que no fue hasta el 2012 que la determinación de la Oficina de Ética Gubernamental advino final y firme, por lo que es desacertado afirmar que el Informe fue presentado transcurrido un tiempo considerable tomando únicamente como punto de partida el archivo de los cargos criminales.

Lamentablemente, comedimientos exógenos a la búsqueda de la verdad mediante un análisis ponderado y ecuánime de los hechos reseñados por la Procuradora General inciden en el ejercicio de nuestra jurisdicción disciplinaria y resultan en el archivo de una queja con serias imputaciones éticas que no deben ser pasadas por alto. Por entender que ningún miembro de la profesión legal se encuentra por encima de la ley y que del *Informe* de la Procuradora General se desprenden posibles violaciones éticas de ingente gravedad, hubiese ordenado la presentación de la querella y la celebración de la vista correspondiente. Esto, en aras de salvaguardar la legitimidad de nuestra jurisdicción disciplinaria y demostrar que, en el ejercicio de ésta, rige la imparcialidad y el compromiso con el mejoramiento de la profesión legal en nuestro País.

---

paso del tiempo, sino a la ausencia total de esa evidencia.

Ante la crisis fiscal que encaran nuestras instituciones gubernamentales y las múltiples expresiones emitidas por miembros de este Foro con relación a recortes presupuestarios y el acceso a la justicia, es inconcebible que una mayoría de este Tribunal opte por desatender imputaciones éticas que involucran, justamente, el cobro de fondos públicos y la facturación indebida de servicios prestados a personas indigentes. Por considerar que la evidencia esbozada por la Procuradora General amerita que este asunto continúe el trámite procesal disciplinario al que regularmente están sujetas quejas de esta índole, disiento.

Anabelle Rodríguez Rodríguez
Juez Asociada